**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cr-60047-BLOOM**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

HUGO URDANETA GALVIS,

      Defendant.

_____/

**ORDER ON MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

**THIS CAUSE** is before the Court upon Defendant Hugo Urdaneta Galvis's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act of 2018, ECF No. [364] ("Motion"). The Government filed its Response, ECF No. [365], and Defendant has not filed a reply. The Court has carefully reviewed the Motion, all opposing and supporting submissions, any relevant exhibits, the record in this case and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

## I.      BACKGROUND

On June 18, 2018, Defendant pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). *See* ECF No. [135]; Plea Agreement, ECF No. [137]. On August, 29, 2018, Defendant was sentenced to a term of imprisonment of 46 months, followed by 2 years of supervised release. *See* ECF No. [263]. Defendant is currently housed at Rivers Correctional Institution, a privately-operated prison in Winton, North Carolina under contract with the Bureau of Prisons ("BOP").

Defendant requests a sentence reduction and compassionate release due to the ongoing COVID-19 health crisis, arguing that his underlying medical conditions, including high blood pressure, obesity, and respiratory issues, including asthma and sleep apnea, put him at an increased risk of contracting the virus. *See* Mot. at 1, 4. Defendant contends that he was recently transported to a new detention facility, which is privately-operated and where proper protocols have not been instituted. As a result, Defendant contends that he is virtually certain to be infected with COVID-19 unless the Court intervenes. *Id.* at 2.

The Government opposes Defendant's Motion, arguing first that Defendant has failed to exhaust his administrative remedies, as he requested to be considered for home confinement, but did not request compassionate release. The Government also contends that Defendant has not established "extraordinary and compelling" circumstances to justify a sentence reduction, as he has failed to provide proof of his claimed health conditions, or that he has been diagnosed with health problems that place him at risk of serious illness from COVID-19, and the existence of the COVID-19 pandemic alone is insufficient to justify release. Finally, the Government argues that the section 3553(a) factors weigh strongly against Defendant's release.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with 14,823,129 confirmed cases and 282,785 reported deaths as of December 8, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Dec. 8, 2020).

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the BOP to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General has made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II.    LEGAL STANDARD

Defendant requests a reduction in sentence. "Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C.
§ 3553(a)] to the extent that they are applicable, if it finds that—
      (i) extraordinary and compelling reasons warrant such a reduction . . . .
    . . . .
and that such a reduction is consistent with applicable policy statements issued by
the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term

of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent

they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a

reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The

Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a

danger to the safety of any other person or to the community." *Id.*

> Section 3582 sets out the order in which this Court should analyze a criminal
> defendant's entitlement to a sentencing reduction. *First*, when the defendant brings
> the motion himself, the Court must ascertain whether he "has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or [whether there has been a] lapse of 30 days from the
> receipt of such a request by the warden of the defendant's facility, whichever is
> earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors
> set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the
> Court should turn to the "extraordinary and compelling reasons" test, as outlined in
> U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the
> defendant poses a "danger to the safety of any other person or to the community,
> as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020). Thus, in order to grant

Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has

exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors;

(3) conclude that extraordinary and compelling reasons warrant compassionate release in this case;

and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears

the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*,

715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant,

bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted"). With these standards in mind, the Court considers the instant Motion.

## III.   DISCUSSION

### A. Exhaustion of Administrative Remedies

Because Defendant's Motion fails on the first step of the § 3582 considerations, the Court need not address the remaining three inquiries under the § 3582 analysis. As the Government correctly notes in its Response, Defendant has failed to establish that he exhausted his administrative remedies with the BOP. In fact, Defendant requested consideration for home confinement only, which request was denied because Defendant is ineligible due to his immigration status. *See* ECF No. [364-1]. Although there is substantial disagreement among federal courts across the nation on whether § 3582(c)(1)(A)'s exhaustion requirement can be waived in exceptional circumstances,[2] the Court declines to address the waiver issue under the facts of the instant case. "Even if some courts have recognized that waiver may be available . . . in exigent circumstances, no such case . . . has involved an inmate seeking compassionate relief without at least submitting a request . . . to the BOP prior to, or in conjunction with, his or her

---

[2] *See United States v. Bess*, 455 F. Supp. 3d 53, 58 (W.D.N.Y. 2020) ("[T]here is widespread disagreement about whether any exceptions may apply. Some courts have found that they independently may excuse a defendant's failure to exhaust, while others have found that only the government may forfeit or waive the requirement."); *see also United States v. Cassidy*, No. 17-CR-116S, 2020 WL 1969303, at *5-6 (W.D.N.Y. Apr. 24, 2020) (collecting cases); *United States v. Otero*, No. 17CR879-JAH, 2020 WL 1912216, at *4 (S.D. Cal. Apr. 20, 2020) (collecting cases); *United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020) (collecting cases); *United States v. Feiling*, 453 F. Supp. 3d 832, 838 (E.D. Va. 2020) (collecting cases); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (collecting cases); *United States v. Alam*, 453 F. Supp. 3d 1041, 1044 (E.D. Mich. 2020) (collecting cases); *United States v. Woodson*, 452 F. Supp. 3d 31, 35 (S.D.N.Y. 2020) (collecting cases).

application to the court." *United States v. Vigna*, 455 S. Supp. 3d 68, 74-75 (S.D.N.Y. 2020).[3] For

this reason alone, Defendant's Motion is due to be denied.

### B. Extraordinary and Compelling Circumstances

Nevertheless, even if Defendant had satisfied the exhaustion requirement, his Motion must

be denied on the merits because he has failed to demonstrate that extraordinary and compelling

circumstances exist in his case. CDC guidance indicates that adults of any age with the following

health conditions are at increased risk of severe illness due to COVID-19: cancer, chronic kidney

disease, chronic obstructive pulmonary disease, heart conditions, such as heart failure, coronary

artery disease, and cardiomyopathies, immunocompromised from solid organ transplant, obesity,

---

[3] Indeed, courts across the country have repeatedly denied motions for compassionate release where the defendant has failed to also submit a request to the BOP. *See United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *1 (M.D. Fla. Apr. 24, 2020); *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *3 (N.D. Ala. Apr. 22, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *1 (S.D. Ala. Apr. 7, 2020) ("Hays did not provide the Court with any evidence that she exhausted her administrative remedies with the BOP or that she made a request for compassionate release to the Warden before she filed her motion in this Court. Since Hays failed to comply with either of the two statutory requirements, the Court finds that she has not met the necessary prerequisites for consideration of her motion."); *United States v. Zywotko*, ---F. Supp. 3d ----, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020); *United States v. Solis*, No. 16-015, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (a defendant who has not "requested compassionate release from the BOP or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment.); *United States v. Bonventre*, No. 10-CR-228-LTS, 2020 WL 1862638, at *3 (S.D.N.Y. Apr. 14, 2020) ("Here, the relief Mr. Bonventre seeks affords no respect whatsoever for the administrative process. He does not ask the Court to direct the BOP to reopen his claims (his claims were never opened). Instead, he asks the Court to bypass the administrative process and decide the merits of a claim that Congress clearly intended should start, in the first instance, with the BOP. Therefore, the Court concludes that Bowen does not support Defendant's argument that his failure to exhaust should be excused based on the COVID-19 crisis alone."); *United States v. Engleson*, No. 13-CR-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) ("Defendant has not, to the Court's knowledge, made a request to the warden of his facility to bring such a motion. Accordingly, the statutory requirement is not met, and the Court may not grant relief under this provision."); *Woodson*, 452 F. Supp. 3d at 34-35 (concluding that because § 3582(c)(1)(A)'s requirement is statutory, not judicial, district courts may not "waive" exhaustion in the present context); *United States v. Carver*, 451 F. Supp. 4d 1198, 1199 (E.D. Wash. 2020) ("The administrative exhaustion requirement admits of no exception. Defendant fails to indicate whether she has sought relief from the Bureau of Prisons, much less shown she has satisfied the statute's exhaustion requirement. Nor does Defendant identify an alternative basis on which the Court could grant early release." (citation omitted) (footnote omitted)).

severe obesity, pregnancy, sickle cell disease, smoking, and type 2 diabetes.[4] Further, CDC guidance indicates that adults of any age with the following conditions might be at an increased risk for severe illness: asthma (moderate-to-severe), cerebrovascular disease, cystic fibrosis, hypertension or high blood pressure, immunocompromised state from blood or bone marrow transplant, immune deficiencies of HIV, use of corticosteroids, or use of other immune weakening medicines, neurologic conditions such as dementia, liver disease, overweight, pulmonary fibrosis, thalassemia, and type 1 diabetes.[5]

Defendant asserts that he has high blood pressure, respiratory issues, including asthma and sleep apnea, and obesity. These conditions, however, are not supported by Defendant's medical records. While his medical records reflect that he self-reports to have asthma and sleep apnea, the records are not consistent with respect to his claimed high blood pressure or obesity, and there is no indication that he takes medication for any of his claimed conditions. *See, e.g.* ECF No. [366-1] (noted that Defendant denies having hypertension); ECF No. [366-3] at 48 (noted that Defendant is "heavy," not obese). In fact, his only diagnosed chronic health issues are rosacea (atropic disorder of the skin) and low back pain. *See* ECF No. [366-3] at 48. However, these conditions do not place Defendant at a high risk for severe illness from COVID-19 per CDC guidelines.

Additionally, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the

---

[4] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

[5] *Id.*

criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release.").[6]

As a result, Defendant fails to establish the existence of extraordinary and compelling circumstances in this case. Therefore, the Court need not consider the section 3553(a) factors.

## IV.    CONCLUSION

Accordingly, the Court determines that Defendant fails to demonstrate that compassionate release is warranted in this case. It is therefore **ORDERED AND ADJUDGED** that the Motion, **ECF No. [364]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[6] Currently, BOP is reporting 3 confirmed active cases in inmates and 0 in staff at C.I. Rivers. *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (accessed Dec. 9, 2020).